MEMORANDUM OPINION



No. 04-07-00173-CV



IN RE Terri Ann GARCIA



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: May 23, 2007


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 

 Terri Ann Garcia, the plaintiff in the underlying breach of contract suit, seeks a writ of
mandamus to vacate the trial court's order quashing the deposition of a State Farm Mutual
Automobile Insurance Company representative. By preventing the deposition of a representative of
the only defendant in the suit, Garcia contends the trial court clearly abused its discretion and she
has no adequate remedy by appeal. We agree, and conditionally grant mandamus relief. 

Factual and Procedural Background

 Garcia maintains she was injured when another motorist hit the car she was driving. Garcia
collected from the other motorist's liability insurer at the full policy limits. When Garcia's insurer,
State Farm, denied her related claim for uninsured/underinsured motorist benefits, Garcia sued for
breach of contract and breach of the duty of good faith and fair dealing, unfair insurance practices,
deceptive trade practices, and violations of the insurance code. The trial court severed and abated all
of the extra-contractual claims, allowing only the breach of contract suit to go forward. 

 Garcia subsequently informed State Farm of her intent to take the oral deposition of one or
more of its designated representatives. Garcia's deposition notice allowed State Farm to identify the
representative or representatives to be deposed on its behalf and described the matters to be covered
in the examination. State Farm moved to quash the deposition, arguing Garcia's "pleadings... allege[]
no cause of action that warrants the taking of the oral deposition" of a State Farm representative. 
Alternatively, State Farm moved to limit the scope of the deposition. After a non-evidentiary hearing,
the trial court quashed the deposition in its entirety. Garcia filed this original mandamus proceeding
to challenge this discovery ruling. 

 In her mandamus petition, Garcia asserts the trial court's order affords State Farm "a special
immunity from discovery not contemplated by the Texas Rules of Civil Procedure," emphasizing that
State Farm "should not be permitted to conduct full and complete discovery of [her] case position on
issues pertaining to the breach of contract allegations" while she is prevented from discovering similar
information from State Farm. In response, State Farm defends the trial court's action because the
"matters identified in [Garcia's] deposition notice only include matters of which State Farm has no
personal knowledge, matters to which State Farm has stipulated, extra-contractual matters not
relevant to this lawsuit, or matters discoverable through other less intrusive means." Mandamus Standard of Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed
by law when there is no other adequate remedy, such as a normal appeal. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); In re SWEPI, L.P., 103 S.W.3d 578, 582 (Tex.
App.--San Antonio 2003, orig. proceeding). "A court abuses its discretion in unreasonably
restricting a party's access to information through discovery." Tex. R. Civ. P. 192, comment 7. 
Appeal is not an adequate remedy when "a party's ability to present a viable claim or defense at trial
is vitiated or severely compromised by the trial court's discovery error." In re SWEPI, L.P., 103
S.W.3d at 583 (quoting Able Supply Co. v. Moye, 898 S.W.2d 766, 772 (Tex. 1995) (orig.
proceeding)). 

Scope of Discovery

 To prevail on her breach of contract suit, Garcia must prove both the liability of the third party
(the "underinsured" motorist) and her actual damages. See Brainard v. Trinity Universal Ins. Co.,
216 S.W.3d 809, 815 (Tex. 2006). State Farm pled several defenses to Garcia's breach of contract
claim, including disputing her actual damages. State Farm alleged Garcia failed to comply with all
conditions precedent to recover under her insurance policy; Garcia suffered from pre-existing injuries
and conditions; Garcia suffered from subsequent and intervening injuries and conditions not caused
by the accident; and Garcia failed to mitigate her damages by ignoring her doctor's instructions and
failing to seek appropriate treatment. 

 Garcia's deposition notice informed State Farm that the deposition would cover ten specific
areas, including the occurrence or non-occurrence of all conditions precedent under the contract, any
facts supporting State Farm's legal theories and defenses, and information regarding State Farm's
experts. Our review of the specific requests leads us to conclude that many of these matters
correspond to the defenses and theories raised by State Farm or have a direct bearing on the damages
in Garcia's breach of contract claim. Clearly, information about State Farm's defenses is relevant and
properly discoverable, absent a showing of privilege or some other exemption authorized by the Texas
Rules of Civil Procedure. See Tex. R. Civ. P. 192.3(a). 

 State Farm argues the trial court did not abuse its discretion in quashing the deposition in its
entirety because the discovery sought by Garcia can be obtained by another less intrusive, less
burdensome process. However, State Farm offered no evidence to substantiate this claim, nor did
State Farm produce any evidence showing a deposition of its representative constitutes harassment
or is unduly burdensome or expensive. See Tex. R. Civ. P. 192.4 (a), (b); In re Alford Chevrolet-Geo,
997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding) (a party must produce some evidence supporting
its request for a protective order). State Farm also contends it has stipulated to the insurance policy,
the underlying liability policy limits, and the amount of any offsets or credits. At the hearing, State
Farm's attorney represented to the trial court that in the future it would stipulate to the policy of
insurance, the facts supporting its legal theories and defenses, its limitation of liability, and any offsets
or credits to which it is entitled. However, nothing in the record shows State Farm has stipulated to
any of these matters. We believe State Farm's assurances that it will stipulate to these matters in the
future is not a proper substitute for discovery.

 We conclude the trial court erred in quashing the deposition in its entirety because doing so
unreasonably restricted Garcia's access to relevant information. Without the opportunity to fully
discover information about State Farm's multiple defenses, Garcia is effectively prevented from
verifying or refuting those defenses. Moreover, as State Farm acknowledges in its brief, Garcia must
establish at trial that "her damages exceed the underlying liability insurance limits and any other
offsets or credits State Farm may be entitled to." Thus, quashing the deposition in its entirety severely
compromises Garcia's ability to present and prove her case. See Walker, 827 S.W.2d at 843 ("denial
of discovery going to the heart of a party's case may render the appellate remedy inadequate"); In re
SWEPI, L.P., 103 S.W.3d at 587 (granting mandamus relief when the trial court's discovery error
vitiated a party's ability to present a viable defense at trial). 

 Accordingly, the trial court is ordered to withdraw its order quashing the deposition of a State
Farm representative. Upon proper notice and hearing, the trial court may still consider and rule on
State Farm's alternative request to limit the scope of the deposition. The writ will issue only if the
trial court fails to withdraw its order within ten days from the date of this opinion. 

 PER CURIAM
1. This proceeding arises out of Cause No. 304371, styled Terri Ann Garcia v. State Farm Mutual
Automobile Insurance Company, pending in the County Court at Law No. 3, Bexar County, the Honorable David J.
Rodriguez, presiding. However, the challenged order was signed by the Honorable Irene Rios, presiding judge of
County Court at Law No. 10, Bexar County, Texas.